Albert COLLINS, Plaintiff–Appellant,

v.

TRINITY INDUSTRIES, INC. and
Southern Company Services, Inc.,
Defendants–Appellees.

No. 87–4802.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1988.

Joe Sam Owen, Gulfport, Miss., for plaintiff-appellant.

Billy W. Hood, Mark W. Garriga, Gulfport, Miss., Roy C. Williams, Pascagoula, Miss., Robert M. Collins, James H. Miller, III, Birmingham, Ala., for defendants-appellees.

H. Rodger Wilder, Gulfport, Miss., for intervenor.

Before WISDOM, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

Appellant Alfred Collins filed suit in federal district court against Trinity Industries and Southern Services seeking recovery for injuries incurred in a fall from a caged ladder at the Mississippi Power Company's plant in Gulfport, Mississippi. The district court granted the defendant's motion for summary judgment and we affirm.

*Facts*

Mississippi Power Company owned and operated an electrical generating facility in Gulfport, Mississippi. The facility was built in part by Ingalls Iron Works, a company later sold to the defendant Trinity. Ingalls had contracted with Mississippi Power to fabricate, deliver and erect duct work. The duct work was designed by Southern Services and included a caged ladder, which is the subject of the litigation. Ingalls installed the duct work and ladder before September 29, 1972.

In October, 1982, Albert Collins, an employee of the company, was severely injured when he fell four floors while attempting to climb down the caged ladder.

He sued the manufacturer and designer of the ladder, but the district court granted the defendant's motion for summary judgment because the statute of limitations stipulated in Mississippi Code Annotated § 15–1–41 had expired. 671 F.Supp. 449.

*Analysis*

■ The Mississippi statute which applies in this case reads in relevant part as follows:

No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of the deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property ... more than ten (10) years after the written acceptance or actual improvement by the owner.

Miss.Code Ann. § 15–1–41 (1972).

The issue for the trial court, and for this Court on appeal, is whether the caged ladder constitutes "an improvement to real property." Although several courts have interpreted this phrase, the definitive interpretation was handed down by the Mississippi Supreme Court shortly after the district court's decision in the instant case.

In *Smith v. Fluor Corporation,* 514 So. 2d 1227 (Miss.1987), the Mississippi Court affirmed the circuit court's granting of summary judgment in favor of the defendant-contractor. *Id.* at 1228. An oil refinery worker injured in the explosion of a heat exchanger unit brought suit against the contractor. *Id.* The court examined the statutory language in Miss.Code Ann. § 15–1–41 and noted that since the statute does not define the words "improvement to real property," they must be given their ordinary meaning. *Id.* at 1230. The court looked to other jurisdictions in construing the phrase, and in fact relied on many of the same cases the district court followed. *Id.* The term "improvement to real property" was found to cover a wide range of structures and components, such as coal handling conveyors, guardrails, signs and lights, furnaces, surge tanks in oil refineries, and other storage devices. *Id.*

The court further noted that "an object need not be a fixture to be an improvement to real property." *Id.* Nor is the mode of attachment to the realty dispositive in determining whether an object is an improvement. *Id.* The supreme court thus affirmed the summary judgment, stating that while "factual considerations may be involved in determining whether an article of property is an 'improvement to real property,' on the basis of the undisputed facts, they do not constitute a genuine issue of material fact which would preclude summary judgment." *Id.* at 1231.

In the instant case, it is uncontested that the ladder is approximately seventy feet in length, erected in sections and field-bolted or welded to the structure. The ladder was designed as part of the overall project and was used like a stair or elevator for ordinary movement around the plant. Finally, there is no dispute that the injury occurred more than ten years after the ladder was installed.

As the district court stated, the term improvement must be given its customary meaning. Common definitions of the term generally refer to a permanent addition that increases the value of the property and makes it more useful. *See, e.g., Kallas Millwork Corporation v. Square D. Company,* 66 Wis.2d 382, 225 N.W.2d 454, 456 (1975) (includes citations to several dictionaries). The caged ladder in issue was an integral part of the building, providing a means of moving from one level to another. The ladder was permanent affixed although, as the Mississippi Supreme Court held, that feature is not required. The ladder also added value to the refinery. The district court properly held the ladder to be an improvement to real property and subject to the ten year statute of limitations in Miss.Code Ann. § 15–1–41. Since the ten year period for bringing suit had lapsed, we affirm the summary judgment.

■ The plaintiffs also contend that the Mississippi statute is unconstitutional because it exempts wrongful death actions from the requirements of § 15–1–41 and thus divides plaintiffs into arbitrary and irrational categories. This argument was

not raised in the district court, and the Mississippi Supreme Court has not considered the issue. A similar argument was made in *Smith v. Fluor Corp.*, but the court did not decide the issue because it had not been raised in the trial court.[1] We decline to do so for the same reason.

For the reasons stated above, the applicable statute of limitations had run before the action was filed, and summary judgment in favor of the defendants is

AFFIRMED.

---

**1.** It is worth noting, however, that the Mississippi Supreme Court did uphold Miss.Code Ann. § 15–1–41 against a similar attack. *See, e.g.,*

*Anderson v. Fred Wagner*, 402 So.2d 320, 324 (Miss.1981); *Walters v. Blackledge*, 220 Miss. 485, 71 So.2d 433, 446 (1954).