**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31274**
**Summary Calendar**
_____


**KARSTON KEELEN,**

**Plaintiff-Appellant,**

**versus**

**BURL CAIN; UNKNOWN DURRETT; CORNEL JONES; UNKNOWN REGIS; UNKNOWN
OWEN; UNKNOWN TURNER; UNKNOWN BARBET; UNKNOWN ZARBAR; UNKNOWN
HALL; UNKNOWN BROOKS; UNKNOWN MILES; UNKNOWN BARBRA; UNKNOWN
THOMPSON; UNKNOWN FOUTAIN; UNKNOWN PARKER; UNKNOWN NORWOOD;
UNKNOWN SANDERS; UNKNOWN ORGON; UNKNOWN DANIEL; UNKNOWN LOCKWOOD;
UNKNOWN ALLEN; UNKNOWN ALLEN; UNKNOWN NETTLES; UNKNOWN DEVEAL;
UNKNOWN HAMPTON; UNKNOWN FONTENOT; UNKNOWN REED; UNKNOWN HOLMES;
UNKNOWN SPIKE; UNKNOWN ANDREW,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(01-CV-689-D)**

---

**January 21, 2002**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Karston Keelen, Louisiana prisoner #125690, appeals, _pro se_,

the denial of his motion:  (1) to amend the judgment dismissing his

civil rights complaint without prejudice for failure to comply with

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's deficiency notice concerning Keelen's application for leave to proceed *in forma pauperis* (IFP); or (2) to make additional findings of fact. While it is unclear whether Keelen moved pursuant to Federal Rules of Civil Procedure 52(b) or 59(e), he challenges the correctness of the judgment. Accordingly, we construe his motion as brought pursuant to Rule 59(e). *See, e.g.,* **Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.**, 899 F.2d 119, 122 (1st Cir. 1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)."); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.05[6] (3d ed. 1999) ("[A] Rule 59(e) motion seeks an alteration or amendment of a judgment, often by way of the court's finding of additional facts. In contrast, a Rule 52(b) motion seeks only the correction of findings or the finding of additional facts without the amendment of the judgment".).

We generally review the denial of a Rule 59(e) motion for abuse of discretion. **Fletcher v. Apfel**, 210 F.3d 510, 512 (5th Cir. 2000). That standard applies where, as here, the challenge is to the district court's discretion in marshaling the facts and deciding whether its judgment should be changed. *See* **id.**; *see also* **Trust Co. Bank v. U.S. Gypsum Co.**, 950 F.2d 1144, 1147 n.5 (5th Cir. 1992). Keelen contends the district court abused its discretion in the light of the fact that he satisfied the noticed

deficiency by submitting a certified statement of account in a timely manner.

The deficiency notice stated that "failure to amend the pleadings as indicated will result in the dismissal of your suit by the court without further notice". The deficiency indicated was that "[Keelen] must have an authorized officer complete the Statement of Account". The court enclosed a statement of account form when it mailed the deficiency notice to Keelen. That form contained, *inter alia*, a block for the statutorily-mandated disclosure of financial information for the six-month period preceding the filing of Keelen's complaint. *See* 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees ... shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner *for the 6-month period immediately preceding the filing of the complaint* ... obtained from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added)). Although Keelen timely returned that enclosed form, it was apparently completed by him and was not certified by an authorized official. Keelen contemporaneously filed an additional statement of account form, which *was* apparently completed and certified by an authorized official; but, that form did not provide the statutorily-mandated six-month information.

*AFFIRMED*

3