IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-41252

---

MARY W.,  by Next Friend, William E. Eddins,

Plaintiff-Appellant,

versus

EXCELSIOR INDEPENDENT SCHOOL DISTRICT,
SHELBY COUNTY SPECIAL EDUCATION COOPERATIVE;
TIMPSON INDEPENDENT SCHOOL DISTRICT, as
Managing Partner of Shelby County Special Education
Cooperative; TEXAS EDUCATION AGENCY,

Defendants-Appellees.

---

WILLIAM E. EDDINS; EVELYN EDDINS; CHRISTY MCD,
by Next Friend, Evelyn Eddins,

Plaintiffs-Appellants,

versus

EXCELSIOR INDEPENDENT SCHOOL DISTRICT,
SHELBY COUNTY SPECIAL EDUCATION COOPERATIVE;
TIMPSON INDEPENDENT SCHOOL DISTRICT, Managing
Partner of Shelby County Special Education Cooperative;
STATE OF TEXAS, Texas Education Agency,

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 9:96-CV-108)
_____
February 28, 2002


Before KING, Chief Judge, REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

For the reasons that follow, we AFFIRM the district court's final judgment. We lack jurisdiction to hear an appeal from the district court's January 29, 1999 order of dismissal.

At the outset, we address Appellee Texas Education Agency's (TEA) contention that we lack appellate jurisdiction over this appeal due to deficiencies in Appellants' notice of appeal. Notices of appeal should be liberally construed where the intent to appeal the entire case is evident, and where there is no prejudice to the appellees. Trust Co. Bank v. United States Gypsum Co., 950 F.2d 1144, 1147-48 (5th Cir. 1992); Turnbull v. United States, 929 F.2d 173, 177-78 (5th Cir. 1991). In the present case, the notice adequately conveyed appellants' intent to appeal the district court's disposition of the case as a whole, including interlocutory orders upon which the final judgment was based.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

In points of error one through three, appellants challenge the district court's January 29, 1999 order that dismissed a variety of claims against EISD, TISD, and Shelby Coop. That order of dismissal was certified under Rule 54(b) as a partial final order. As such, it was immediately appealable, but appellants proceeded with the litigation and did not appeal until after the district court's September 21, 2000 entry of a final judgment disposing of the entire case. The appeal of the January 29 order was not timely, and we therefore lack jurisdiction over appellants' issues one through three.

Appellants contend in their reply brief that certain § 1983 claims against various defendants were never dismissed at any point during the litigation, and that the district court did not allow them to be raised at the bench trial. Appellants' opening brief makes no mention of any claims left wholly unaddressed by the district court. Issues not raised in the opening brief are waived. Carmon v. Lubrizol Corp., 17 F.3d 791, 794 (5th Cir. 1994).

Next, Appellants appeal the district court's dismissal of their claims against TEA. Appellants represented to the district court that their claims against TEA were brought under § 1983. The district court properly dismissed these claims as barred by Eleventh Amendment sovereign immunity. This defense was not waived by TEA. Eleventh Amendment sovereign immunity is jurisdictional, and can be raised at any time. Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998). Appellants' attempts to characterize its claims as for injunctive relief under Ex Parte Young also fail; that theory allows suits for injunctive relief against government officials, not state agencies. Aguilar v. Texas

3

Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

Appellants also appeal the district court's order declining to exercise supplemental jurisdiction over various state tort claims apparently contained in the plaintiffs' complaint. We find no abuse of discretion in that decision, particularly given appellants' failure on appeal even to identify the state claims at issue or discuss the relationship between the state and federal claims.

Finally, we find no abuse of discretion in the district court's decision to deny plaintiff-appellants' motion to compel additional discovery. Appellants filed the motion to compel two months after the discovery cutoff date established by the district court's docket control order and, according to the district court, the motion did not include copies of outstanding discovery requests or articulate what discovery was still needed. The district court's decision not to compel discovery under such circumstances was well within reason.

The district court's final judgment is AFFIRMED.