United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 07-30217
Summary Calendar

RAYMOND ANDERSON JR,

Plaintiff-Appellant

v.

MONSANTO COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-4002

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Raymond Anderson appeals the district court's summary judgment that he take nothing on his claim of race discrimination against the Monsanto Company. We affirm for the following reasons:

1.    Anderson presented no evidence to the district court that tended to establish that the reason given for his termination was pre-textual. Even the unsubstantiated feelings of fellow employees that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anderson's supervisor, Andrus, was prejudiced—which Anderson did not present in his memorandum in opposition to summary judgment—are no evidence that Monsanto's reason for terminating Anderson was a mere pretext for discrimination. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("conclusory allegations, speculation, and unsubstantiated assertions are inadequate"); see also Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 135 (4th Cir. 2002) (". . . affidavits [of other employees], however, amount to no more than subjective beliefs, and such evidence, without more, is insufficient to create a genuine issue of material fact as to any discriminatory conduct on [defendant's] part.").

2.  Anderson did not proceed on a mixed-motive theory in the district court and only raised the issue after the fact of the summary judgment in a motion for reconsideration, so we do not consider his arguments on appeal that Andrus' alleged prejudice played a meaningful role in his termination. See Trust Co. Bank v. United States Gypsum Co., 950 F.2d 1144, 1152 n.16 (5th Cir. 1992). Similarly, Anderson did not argue in the district court until his motion for reconsideration that Andrus, as opposed to Supervisor Zamora and Business United Leader Pires, was the actual decision maker. See id.

3.  The district court did not abuse its discretion in denying Anderson's motion for reconsideration of the summary judgment. Anderson's use of the motion to 1) rehash arguments already presented at summary judgment, 2) insert a new theory—mixed-motive—into the case, and 3) introduce evidence previously available were not

grounds for granting the motion. See Templet v. Hydrochem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).


AFFIRMED.