# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-50821
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

DANNY ORTIZ,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:06-CR-91-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Danny Ortiz filed a notice of appeal from "the Judgment in the Criminal
Case and the sentence pronounced in open court on June 1, 2006." Although he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

designated only case number EP-06-CR-91-PRM in his notice of appeal, we liberally construe it to include EP-04-CR-1411-PRM, which concerns the sentence imposed following the revocation of his supervised release.  See Trust Co. Bank v. United States Gypsum Co., 950 F.2d 1144, 1148 (5th Cir. 1992).

Ortiz argues that the imposition of consecutive sentences is unreasonable. He contends that the district court incorrectly weighed the relevant sentencing factors and that his term of imprisonment was greater than necessary to achieve the legitimate goals of sentencing.  He further reasons that his 70-month combined sentence is outside the advisory sentencing guideline range.

The record reflects that the court properly considered the guidelines, the 18 U.S.C. § 3553(a) factors, and Ortiz's arguments in favor of mitigation when it imposed his sentence.  See United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001).  Furthermore, the consecutive nature of Ortiz's sentence is specifically permitted by 18 U.S.C. § 3584(a) and U.S.S.G. § 7B1.3(f), p.s.  See Gonzalez, 250 F.3d at 925-29.  Thus, the sentence is neither unreasonable nor plainly unreasonable.  See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  Accordingly, the judgment is AFFIRMED.