# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-41039
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO CESAR DONJUAN-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-88-1

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Donjuan-Gonzalez (Donjuan) filed a pro se notice of appeal in which he designated only case number 2:06-CR-88-1. We liberally construe the notice to include case number 2:03-CR-348-2, which concerns the sentence imposed following the revocation of his supervised release, and in which a judgment was rendered at the same hearing at which the sentence was imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in case number 2:06-CR-88-1.  See Trust Co. Bank v. United States Gypsum Co., 950 F.2d 1144, 1148 (5th Cir. 1992).

Donjuan argues for the first time on appeal that the district court erred in failing to give oral or written reasons for sentencing him above the advisory guideline range for the revocation of his supervised release and for failing to consider the Sentencing Commission's policy statements concerning the advisory guideline range.  Because the district court stated that it had considered both the guideline policy statements and Donjuan's multiple supervised release law violations and because the record indicates that the district court considered the appropriate advisory guideline range, the district court did not commit plain error in sentencing Donjuan.  See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000); United States v. Montez, 952 F.2d 854, 860 (5th Cir. 1992).

AFFIRMED.