# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-40171
Summary Calendar

TIMMIE PARKS

Plaintiff-Appellant

v.

GOVERNOR RICK PERRY; CHRISTINA MELTON CRAIN, Executive Director
of the TBCJ in Dallas, TX; BRAD LIVINGSTON, Executive Director of TDCJ in
Austin, TX; NATHANIEL QUARTERMAN, Director, TDCJ in Huntsville, TX

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-255

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timmie Parks, Texas prisoner # 697966, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1). We review a § 1915A dismissal de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Parks argues that several Texas statutes governing the earning of, revocation of, and purpose of good-time credits have created a liberty and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property interest in accrued good-time credits. In particular, he cites TEX. GOV'T CODE ANN. §§ 498.003(b) and (d), 498.004, 498.0042, 498.0045, and TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a). Texas Government Code § 498.003 provides for the accrual of good-conduct time, and sections 498.004, 498.0042, and 498.0045 provide for the forfeiture of good-conduct time for various reasons. Section 498.003(a) specifically states that good-conduct time is a privilege, not a right, and applies only to eligibility for parole or mandatory supervision. Parks cites no authority and makes no persuasive argument for why these statutes should be held to create a liberty or property interest in good-conduct time. We hold that these statutes do not create a liberty or property interest in good-time credits. See Creel v. Keene, 928 F.2d 707, 708, 711-12 (5th Cir.1991) (holding that there is no constitutional expectancy of parole in Texas). Parks's essential claim is that because he is not eligible for mandatory supervision and his parole eligibility date is set by statute due to his § 3g conviction, his good-time credits have been rendered of no value to him. Parks's good-time credits are valuable because they will be considered by the Parole Board when he becomes eligible for parole. See Espinosa v. Texas, 29 S.W.3d 257, 261 (Tex. Ct. App.2000).

Parks argues that Texas Government Code section 498.003 is unconstitutional as applied to him. He argues that this statute creates a right to earn good time. He argues that if he has a property or liberty interest in his accrued good time, then it is unconstitutional to apply section 498.003's limitation on the use of the credits to eligibility for parole and mandatory supervision to him because he is not eligible for mandatory supervision and his parole eligibility date is set by statute. Section 498.003(a) specifically states that good-conduct time is a privilege, not a right. We have already held that this statute does not create a liberty or property interest in good-conduct time, and so its application to Parks deprives him of no constitutional right.

Parks argues that his accrued good-time credits were property taken without just compensation in violation of the Takings Clause. Parks's argument is without merit based on the lack of a property interest.

Parks argues that the distinction made by Texas law between prisoners who are eligible for mandatory supervision and those who are not eligible by virtue of being convicted of violent crimes violates equal protection. Parks also argues that the statutes creating that distinction are illegal Bills of Attainder. Parks raised the equal protection claim for the first time in his motion to alter or amend the judgment. Parks did not raise the Bill of Attainder argument in the district court. We do not consider these arguments. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 341 (5th Cir. 1999) (stating that we will not consider an issue that has not been raised at all in the district court absent extraordinary circumstances and will not consider an issue raised for the first time in a motion for reconsideration); Trust Co. Bank v. U.S. Gypsum Co., 950 F.2d 1144, 1152 (5th Cir. 1992) (holding that claim raised for the first time in a FED. R. CIV. P. 59(e) motion was waived on appeal).

Parks has not shown that he has been denied a state-created property or liberty interest in good-time credits or that the Texas laws governing good-time credits result in a constitutional violation on any other basis. The district court did not err in dismissing the complaint as frivolous and for failure to state a claim. See Ruiz, 160 F.3d at 275. The judgment of the district court is AFFIRMED. Parks's motions for the appointment of counsel and the certification of a class action are DENIED.

Parks is informed that, pursuant to 28 U.S.C. § 1915(g), this court's affirmance of the district court's dismissal as frivolous and for failure to state a claim of his § 1983 complaint counts as a strike. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (stating that affirmance of a district court dismissal as frivolous counts as a single strike). Parks is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).