In the Matter of: Marvin E. MOYE, Doing Business as JMW Auto Sales, Limited, Doing Business as JMW Auto Sales, L.L.C., Doing Business as JMW Group Investments, Limited, Doing Business as JMW Auto Transport, L.L.C., Doing Business as JMW Auto Sales, Doing Business as JMW Retail Auto Sales, Limited; Joan M. Moye, Debtors.

Marvin Moye; Joan Moye, Appellants,

v.

MRB Management, L.L.C.; Ian Subel; Richard Boysen; John Vinnicombe; Richard Gundy; The Patricia Hanson Trust; Gary Boren; AJG Family Partners Partnership; Michael K. Broder; Richard Wallach, Appellees.

No. 10–20588
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 15, 2011.

Marvin E. Moye, Houston, TX, pro se.

Joan M. Moye, Houston, TX, pro se.

Rakhee V. Patel, Esq., Gerrit M. Pronske, Esq., Christina W. Stephenson, Pronske & Patel, P.C., Dallas, TX, for Appellees.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge: *

Debtors Marvin Moye and wife Jolan Moye appeal the affirmance of the bank-

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be

ruptcy court's denial of a discharge. Finding no error, we affirm.

## I.

In late 2007, MRB Management, L.L.C. ("MRB"), and others filed an involuntary chapter 7 bankruptcy petition against JMW Auto Sales ("JMW"). One week later, the Moyes, who were the owners of JMW, filed a voluntary bankruptcy petition under chapter 7. The court ordered the two proceedings jointly administered and set April 7, 2008, as the deadline for creditors to file objections to discharge. On April 7, MRB filed two separate objections. The first objected under 11 U.S.C. § 727 and the second under 11 U.S.C. § 523. The actions were consolidated on June 20, 2008, and MRB subsequently repleaded its § 727 claims in the § 523 action.[1]

The Debtors' Statement of Financial Affairs indicated that JMW and related entities had enjoyed income of $5.6 million in 2006 and $5 million in 2005. Nonetheless, the schedules indicated assets of only $1.1 million and liabilities of $2.5 million. Marvin Moye refused to explain in discovery where the assets had gone, instead referring inquiries to the bankruptcy trustee. At trial, Moye reiterated that the bankruptcy trustee "has all the records" but also suggested that one of his employees had caused him to lose "close to a million dollars" by paying multiple times for the same cars.[2]

Following the trial, the bankruptcy court denied discharge. The Moyes moved for new trial, which the court denied. They appealed from the denial of that motion, and the district court affirmed.

## II.

■ MRB contends that the Moyes have appealed only from the denial of the motion for new trial, a decision we would review for abuse of discretion. *See Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan.1981). The Moyes correctly respond that their appeal should be construed as an appeal from the underlying judgment: We "interpret[ ] notices of appeal liberally ... where it is clear that the appealing party intended to appeal the entire case." *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1147–48 (5th Cir. 1992) (citations omitted). Accordingly, a "[f]ailure to properly designate the order appealed from ... may be cured by an indication of intent in the briefs or otherwise." *United States v. Rochester*, 898 F.2d 971, 976 n. 1 (5th Cir.1990). The Moyes' brief to the district court addressed the substantive issues underlying the bankruptcy court's judgment, so we

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The § 523 claims were later dismissed.

2. The exchange reads as follows:

Q. When asked in discovery to explain the deficiency of assets to pay liabilities, you had said, "See Lowell Cage." Would—
A. He has all the records.
Q. Okay.
A. And it was very clear that Lynn Fowler had made a pretty good mess, close to a million dollars worth. That equates to about 100,000–150,000 a month in payments. Those were being sucked out of the account without me realizing it.
Q. So is your testimony that the reason that there was a deficiency of assets to pay your liabilities is that Lynn Fowler was taking money out of the accounts?
A. No, my—I was paying twice and three times for the same car, sometimes to the same investor, and I wasn't aware of it. That sucked it out. The—Malcolm actually got most of the money, but it wasn't just given to him. It was done in a form of having to pay for cars that Lynn had sold to somebody else and I wasn't aware of it.

will construe their appeal to address the entire case.

The bankruptcy court offered three rationales for denying a discharge, including that the Moyes had failed to preserve their financial records or satisfactorily to explain the loss of assets to meet their liabilities and that Marvin Moye had made false statements in his disclosures to the court. *See* 11 U.S.C. § 727(a)(3), (4), (5), (7). Only one of those reasons is necessary to justify the denial of a discharge. *See* 6 COLLIER ON BANKRUPTCY § 727.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2010). Because we agree that the Moyes failed to explain the loss of assets to meet their liabilities, we need not consider the other two grounds for the denial.

■ "The bankruptcy court's determination that a debtor has or has not satisfactorily explained a loss of assets is a factual finding" that we review for clear error. *See Hawley v. Cement Indus., Inc. (In re Hawley)*, 51 F.3d 246, 248 (11th Cir.1995). The Moyes' bankruptcy schedules revealed that although their business made over $10 million in 2005 and 2006, they had only $1 million in assets to pay their debts in 2007. The only explanation Marvin Moye offered was that his employee had "sucked" a million dollars from his accounts and that he was inadvertently "paying twice and three times for the same car." Such general explanations, without documentation, are not satisfactory.[3] The Moyes provided no records to substantiate their account of where the money went, so the bankruptcy court did not clearly err by concluding that their explanation was not satisfactory.

Finally, the Moyes also argue that MRB's § 727 claims should be dismissed because they were untimely. The bankruptcy court set April 7, 2008, as the deadline for creditors to object to discharge, and MRB filed two complaints on that date. Subsequently, MRB repleaded its § 727 claims as part of the § 523 action after the court had ordered the two actions consolidated. That repleading at the order of the court does not make the claims untimely.

The judgment of the district court, affirming the decision of the bankruptcy court, is AFFIRMED.

---

**3.** *First Tex. Sav. Ass'n, Inc. v. Reed (In re Reed)*, 700 F.2d 986, 993 (5th Cir.1983) (concluding that an explanation that funds were expended on undocumented expenses and gambling debts was unsatisfactory).