# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2026

Lyle W. Cayce
Clerk

No. 25-40142

In the Matter of Marco A. Cantu,

*Debtor*,

Guerra & Moore Limited, L.L.P.,

*Appellee*,

*versus*

Marco A. Cantu,

*Appellant*,

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CV-299

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

This is an appeal from an order declaring Marco Cantu a vexatious litigant. The order granted an injunction barring Cantu from filing any future

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

lawsuits against the law firm Guerra & Moore L.L.P. without first obtaining permission from the court. We find no error and AFFIRM.

Cantu filed numerous lawsuits against the law firm of Guerra & Moore. The firm moved to have Cantu declared a vexatious litigant and for a pre-filing injunction. After Cantu responded to the motion, the district court declared Cantu a vexatious litigant and issued the injunction without conducting a hearing. Cantu moved for reconsideration and to set an emergency hearing. The district court denied both requests, and Cantu appealed.

Though Cantu formally is appealing the district court's ruling on his motion for reconsideration and motion for a hearing, we construe his notice of appeal as appealing the order granting the pre-filing injunction. "[I]f a party appeals from the denial of a Rule 59(e) motion that is solely a motion to reconsider a judgment on its merits, . . . 'it is clear that the appealing party intended to appeal the entire case.'" *See Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000) (quoting *Trust Company Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1148 (5th Cir. 1992)). We review the district court's order declaring Cantu a vexatious litigant and granting a pre-filing injunction for abuse of discretion. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).

We consider four non-exclusive factors in reviewing an injunction barring future litigation:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

No. 25-40142

*Baum*, 513 F.3d at 189 (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

Cantu contends he was entitled to "notice and an opportunity to be heard" during the pendency of the motion to label him a vexatious litigant. In particular, he contends he had a right to "a hearing" with the ability to "object to the evidence, present witnesses, and cross-examine adverse witnesses."

Although the Constitution requires certain procedures to "preserv[e] the legitimate rights of litigants," an oral hearing is not required in every case. *See Baum*, 513 F.3d at 187 (5th Cir. 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)). There may be a due process right "to be heard," but that does not entail the right to appear in a courtroom in every case. Indeed, "no oral hearing is required" in a pre-filing injunction case when there is "no factual dispute" and the only remaining questions are legal in nature, as the non-movant is nevertheless "heard" when given "ample opportunity to present their respective views of the legal issues involved." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citation omitted).

Here, Cantu did not dispute the material facts upon which the district court based its analysis. In his response to the motion to declare him a vexatious litigant, Cantu treated the motion as a complaint and admitted or denied the factual allegations underlying it. Though Cantu disputed Guerra & Moore's assertion that his previous suits were "frivolous or groundless," he failed and continues to fail to dispute that he had no "good faith basis to continue filing lawsuits" lacking merit, that he "attempt[ed] to recycle and re-litigate claims which have been repeatedly rejected by" courts, or that he has continually "file[d] the same or very similar lawsuits making similar claims for relief after dismissal of a prior suit." Cantu has also conceded that

3

No. 25-40142

he has filed various lawsuits against Guerra & Moore.  These are the facts upon which the district court based its order, and Cantu does not identify any part of its analysis to the contrary.

An oral hearing is required only when there are unresolved fact disputes.  The facts here are undisputed.

AFFIRMED.