Thomas R. BARONI and Jon E. Baroni, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 80–3427.

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1981.

**288**

Lee Davis Thames, Vicksburg, Miss., for plaintiffs-appellants.

Jerry A. Davis, Asst. U.S. Atty., Jackson, Miss., Thelma L. Quince, Trial Atty., Torts Branch, Civil Division, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHARLES CLARK, Chief Judge, GOLDBERG and WILLIAMS, Circuit Judges.

PER CURIAM:

Plaintiffs' complaint against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 *et seq.*, was dismissed on the pleadings by the district court under the misrepresentation exception to that Act, 28 U.S.C.A. § 2680(h). This appeal asserts that the tort basis for the action was a negligent breach of duty which did not involve misrepresentation. We affirm.

A real estate developer submitted plans for a proposed subdivision to the Federal Housing Administration (FHA), now a part of the United States Department of Housing and Urban Development. This agency approved the subdivision so that loans made on residences constructed in the subdivision would be eligible for Veterans Administration or FHA guaranteed financing. One condition of the agency's approval was that certain lots had to be filled to an elevation above the predicted 50-year flood height. This fill was supplied, houses were constructed and financing was guaranteed. All plaintiffs are remote purchasers of subdivision houses. No representations were made by FHA or any other agencies of the government directly to any of the present plaintiffs concerning the location of the 50-year flood line or any other feature of the agency's action. The subdivision was flooded in 1973 and again in 1975, and plaintiffs' houses were damaged. A recalculation by the Army Corps of Engineers determined that the flood level location fixed by FHA was incorrect.

Claiming that they "had every reason to believe" that the elevation of the subdivision exceeded the 50-year flood line, plaintiffs asserted that the National Housing Act of 1934, 12 U.S.C.A. § 1701 *et seq.*, and FHA regulations placed a duty on the United States to provide its citizens decent housing that was safe from flooding. The complaint alleged that this duty was breached by FHA's negligent failure to determine the correct flood line, failure to give warning (to persons unnamed) of the dangers resulting from the construction of the residences below the flood line, and failure to require the developer to construct the subdivision above the 50-year line elevation. The district court found that while no express representation was made to plaintiffs, § 2680(h) excepted from the Tort Claims Act's waiver of sovereign immunity claims of implied misrepresentation as well as claims of direct misrepresentation which were covered by *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).[1]

---

1. In *Rey v. United States,* 484 F.2d 45 (5th Cir. 1973), we found that a plaintiff, who had given his livestock a dangerous vaccination in re-

liance on the government's statement that the livestock was infected with cholera, was barred under *Neustadt* from recovering his damages

On this appeal plaintiffs contend that the district court erroneously construed the action they sought to assert. They assert it did not involve the tort of misrepresentation and point out that the alleged negligent action of the FHA could not have been communicated to any plaintiff in this action. The difficulty with this position is that if the tort of misrepresentation is not involved, then plaintiffs assert no cause of action against the United States in tort.

The plaintiffs attempt to claim that the government committed a "general tort" when it miscalculated the flood level. They contend that the United States owed them a duty either because, under state law, it undertook to establish the flood level or because, under federal law, the National Housing Act imposed a duty on it to provide safe housing.

 *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), however, makes clear that no federal duty was created by the National Housing Act. While the information supplied by the government may "inure, incidentally, to the benefit of prospective home purchasers," the primary purpose of the government's undertaking is to make sure that homes receiving FHA mortgages are constructed to standards warranting mortgage guarantee protection. *See id.* at 708, 81 S.Ct. at 1301. As the Court stated, Congress did not intend "to extend to the purchaser any actionable right of redress against the Government in the event of a faulty appraisal . . . ." *Id.* at 709, 81 S.Ct. at 1301.

Assuming that the government's undertaking created a duty under state law to determine the flood level non-negligently, the damages complained of by the plaintiffs still result solely from the fact that the government communicated its miscalculation to the developer who relied on it, and that reliance eventually caused the plaintiffs' damage. As noted above, the plaintiffs are prevented from recovering for these damages under a theory of misrepresentation either because of the misrepresentation exception to the Federal Tort Claims Act in § 2680(h) or because of the fact that a party who has been damaged by, but who has not relied directly on the misrepresentation, does not have a cause of action for misrepresentation. To find that the plaintiffs would be barred from recovering their damages under a direct theory of misrepresentation but to allow them to recover under a theory of "general tort" liability for damages which stem from an indirect reliance on the same acts by the government would undermine the misrepresentation exception to the Federal Tort Claims Act.

AFFIRMED.

---

from the government. However, when the government itself destroyed livestock because of its negligent determination that the livestock was diseased, we found that because the damages arose out of the government's negligent diagnosis rather than any negligent misrepresentation, *Neustadt* did not bar the plaintiff's suit. *See Ware v. United States,* 626 F.2d 1278, 1283 (5th Cir. 1980).