Thomas E. KYNERD and Nancy A. Kynerd, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Holiday Homes of Mississippi, Inc.; Albert Owings; City of Clinton, Mississippi; Kemmons Wilson; and William H. Purviance, Defendants.

Civ. A. No. J84–0060(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 29, 1985.

Thomas E. Kynerd, pro se.

George Phillips, U.S. Atty., Dan McDaniel, Asst. U.S. Atty., Howard C. Ross, Jr., Jackson, Miss., for William H. Purviance.

W.F. Goodman, Jr. & David L. Ayers, George R. Fair, Watkins & Eager, Jackson, Miss., for Albert Owings & Kemmons Wilson Holiday Homes of Mississippi, Inc.

Kenneth R. Dreher & Jerry L. Mills, Pyle, Harris, Dreher & Mills, Jackson, Miss., for City of Clinton.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of the United States Department of Housing and Urban Development (HUD) to dismiss for failure to state a claim upon which relief can be granted. The court, having reviewed the memoranda with attachments submitted by the parties, is of the opinion that HUD's motion is well taken and should be granted.

The plaintiffs instituted suit against HUD on January 24, 1984, seeking recovery under the Federal Tort Claims Act for damages resulting from HUD's alleged negligent inspection and appraisal of a house they purchased from Jack L. Sledge and Bobbie Sledge in December of 1974. The original purchasers had financed the construction of the house through a mortgage insured by HUD under the National Housing Act, 12 U.S.C. § 1709(b). In 1978, the Kynerds noticed that small cracks had developed in one of the ceilings of their home, which later widened and began to appear in other ceilings and the walls of the home. In 1980, the plaintiffs contacted building contractors, who advised that it would be necessary to repair the foundation of the house or supplement the foundation with additional foundation fittings or piers, but warned that these repairs would not assure that the problems would not reappear. The plaintiffs then examined certain HUD documents and the requirements set forth in the City of Clinton Building Code and concluded that the proper depth for the foundation footings was eighteen inches. Excavation of the foundation revealed that the depth of the foundation footings was less than ten inches. Obtaining no relief by pursuing administrative remedies, the plaintiffs instituted suit in this court.

The United States is immune from suit except to the extent that immunity has been waived by Congress under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. FTCA permits recovery in tort only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b). Therefore, for the plaintiffs to prevail, they must demonstrate that HUD, if a private person, would be liable to them under Mississippi law. The purchasers, proceeding pro se, charge negligence as the basis for their claim. HUD contends that the only conceivable avenue of recovery is under section 324A of the Restatement

(Second) of Torts (1965), which imposes liability on one who gratuitously undertakes to render services to another for the benefit or protection of third persons and who fails to exercise reasonable care in the performance of the gratuitous undertaking.

 A duty owed by one to another must first be shown to exist before recovery under negligence principles will be allowed. The United States Supreme Court has specifically stated that the objective of an inspection and appraisal of property by HUD for mortgage insurance purposes is the "protection of the Government and its insurance funds" and would only "inure incidentally, to the benefit of respective home purchasers ...." *United States v. Neustadt,* 366 U.S. 696, 708–09, 81 S.Ct. 1294, 1301–02, 6 L.Ed.2d 614 (1961); *see also Baroni v. United States,* 662 F.2d 287, 289 (5th Cir.1981) (no federal duty created by the National Housing Act; the primary purpose of government's undertaking is to insure that homes with FHA mortgages are constructed to standards warranting mortgage guarantee protection).[1] Because HUD does not owe any legal duty to prospective purchasers of a home to inspect and appraise accurately property on which the purchasers seek to obtain mortgage insurance, the purchasers cannot recover against HUD on the basis of negligence.

 Since recovery for negligence is not available, HUD asserts that the only remedy that might conceivably be available to the plaintiffs is through application of the "Good Samaritan" doctrine, expressed in the Restatement (Second) of Torts, section 324A (1965), which states:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Id.* Although the Mississippi Supreme Court has expressly reserved ruling as to whether or not the court will adopt this section of the Restatement, the Fifth Circuit has assumed that the Mississippi court would adopt section 324A if presented with the issue for decision. *See Trosclair v. Bechtel Corp.,* 653 F.2d 162, 163 n. 1 (5th

---

**1.** The plaintiffs rely on *Block v. Neal,* 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), to support their allegation that tort actions based on negligence are not barred by 28 U.S.C. § 2680(h). Plaintiffs have apparently misconstrued HUD's argument, for HUD cites *United States v. Neustadt, supra,* for the limited proposition that HUD owed no legal duty either to the original purchasers, the Sledges, nor the subsequent purchasers, the plaintiffs herein, to conduct an accurate inspection and appraisal. HUD does not rely on *Neustadt* for that case's holding that the purchasers' action against the Federal Housing Administration (FHA), a branch of HUD, was foreclosed by the misrepresentation exception, 28 U.S.C. § 2680(h), since the report issued by the FHA allegedly contained an inaccurate inspection and appraisal, constituting a "negligent misrepresentation". 366 U.S. at 711. The reason for HUD's not relying on this principal holding in *Neustadt* is that in this case, unlike the factual circumstances in *Neustadt,* the Kynerds, according to their complaint, did not rely on HUD's inspection and appraisal when they purchased their home in 1974; rather, they examined the HUD documents only after the cracks in the ceilings began to appear in 1978. The tort of negligent misrepresentation requires both reliance and an overt act or transaction. *Ware v. United States,* 626 F.2d 1278, 1283 (5th Cir.1980). The Neustadts read the FHA report and relied on it to their detriment in purchasing their negligently constructed home; the plaintiffs herein did not rely on the HUD documents in purchasing their home. The Supreme Court in *Block v. Neal,* 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), held that the purchaser's claim did not arise out of the tort of misrepresentation so as to be barred by section 2680(h) since in Neal's case, unlike in *Neustadt,* any misstatements made by the Farmers Home Administration in inspecting and supervising construction of the purchaser's home were not essential to the purchaser's claim. Since HUD does not rely, or attempt to rely, on the misrepresentation exception to the Federal Tort Claims Act, *Block v. Neal, supra,* is inapplicable.

Cir.1981). However, considering this doctrine, it is apparent that recovery thereunder is foreclosed for the same reason that recovery in negligence is excluded—that the purpose of HUD's inspection was not to benefit the original purchasers, much less the subsequent purchasers, the Kynerds. *U.S. v. Neustadt,* 366 U.S. at 709, 81 S.Ct. at 1301–02; *Hartford Steam Boiler Insp. & Ins. v. Cooper,* 341 So.2d 665, 667 (Miss. 1977) (to come within section 324A, plaintiff must show a duty owed to make inspections and reliance thereon).

The plaintiffs have not only failed to meet the preliminary requisite of section 324A but also have not demonstrated the existence of any of the other elements necessary for application of the section. According to *Patentas v. United States,* 687 F.2d 707 (3rd Cir.1982), in order to show that HUD's inspection increased the risk of harm to the plaintiffs' house, they must identify "sins of commission rather than omission". *Id.* at 716. HUD's alleged failure to discover the placement of the foundation footings at an insufficient depth can only be characterized as a sin of omission and not of commission.

Further, HUD did not inspect the Kynerd's house in the performance of a duty owed by "the other to the third person", or by the original purchasers to the subsequent purchasers. As stated in *Neustadt, supra,* HUD owed no duty to the original purchasers, much less to any subsequent purchasers.[2]

The remaining element in section 324A is that the plaintiff must demonstrate that the harm suffered due to another's gratuitous undertaking results because of reliance by the party for whom the gratuitous undertaking was rendered. As stated previously, the Kynerds could not have relied on HUD's inspection and appraisal since they did not examine the HUD documents until nearly four years after their purchase of the house. *See Patentas v. United States,* 687 F.2d 707, 717 (3rd Cir. 1982) (where the appellants did not allege knowledge of the purpose of Coast Guard's inspection, they could not have relied on Coast Guard's conclusion resulting from inspection); *compare with Indian Towing Co. v. United States,* 350 U.S. 61, 69, 76 S.Ct. 122, 126–7, 100 L.Ed. 48 (1955) (where tugboat pilot knew about lighthouse service operated by Coast Guard, Coast Guard was obligated to keep light in good working order).

The court also notes that the plaintiffs' action against HUD is barred by the statute of limitations set forth in Mississippi Code Annotated § 15-1-41 (Supp.1984). This statute provides that "No action may be brought to recover damages for injury to property, real or personal ... arising out of any deficiency in the design, planning, supervision or observation of construction ... more than ten years after the written acceptance or actual occupancy or use, whichever occurs first...." The Sledges began occupancy of the house in question in November of 1970. HUD's inspection and appraisal fits within the language of the statute forbidding recovery for a deficiency in the "supervision or observation of construction". Therefore, any negligent inspection or inaccurate appraisal by HUD was barred as of November 1980.

For the reasons expressed herein, it is the court's opinion that HUD's motion to dismiss for failure to state a claim should be granted. Judgment will be entered separately pursuant to the local rules.

2. The recent Mississippi Supreme Court decision of *Keyes v. Guy Bailey Homes, Inc.,* 439 So.2d 670 (Miss.1983), does not substantiate plaintiffs' argument that HUD's inspection was in performance of the duty owed both to the original purchasers and to the subsequent purchasers. That case only held that a builder vendor of a home could be held liable in negligence or for breach of implied warranty to subsequent purchasers even though no privity of contract existed for a period not to exceed ten years after construction in accordance with Miss.Code Ann. § 15-1-41 (Supp.1984). *Id.* at 672–73. The *Keyes* decision cannot be interpreted to impose liability on an insurer of a mortgage to subsequent purchasers.