Roberta WOLFE and Gary Wolfe, Plaintiffs,

v.

DAL–TILE CORPORATION, Defendant.

No. 2:92–CV–241.

United States District Court, S.D. Mississippi, Hattiesburg Division.

Feb. 6, 1995.

Billie J. Graham, Leonard B. Melvin, Jr., Laurel, MS, for plaintiffs.

Michael T. Jaques, J. Robert Ramsay, Hattiesburg, MS, for defendant.

## MEMORANDUM OPINION

PICKERING, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment based on the statute of repose.[1] The Court, having reviewed the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to wit:

## I. FACTUAL BACKGROUND.

On October 29, 1986, Roberta Wolfe, while working as a waitress at the Dennys Restaurant in Clifton Heights, Pennsylvania, slipped and fell on the tile floor sold to Dennys Restaurant by Dal–Tile Corporation (hereinafter referred to as "Defendant").

Defendant maintains in its Motion for Summary Judgment that § 15–1–41 bars Plaintiffs' claim. Section 15–1–41, provides in pertinent part:

No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observance of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof....

The provisions of this section shall only apply to those causes of action accruing from and after January 1, 1986; and any cause of action accruing prior to January 1, 1986, shall be governed by Chapter 350, Laws of 1972.

Miss.Code Ann. § 15–1–41 (1972). Section 15–1–41 was amended in 1985 to change the applicable period of limitation from ten to six years. However, as Defendant points out in its initial memorandum on this Motion, if the statute of repose applies, it does not matter which version of the statute is used.[2]

The parties originally focused their briefs on the question of whether the subject tile was an "improvement to real property" as contemplated in the statute. This Court heard oral argument on both Motions for

1. Defendant previously filed a Motion for Summary Judgment based on Miss.Code Ann. § 15–1–65 (1972) (Mississippi's "borrowing statute"). This Court denied that Motion on November 8, 1994. Thus, this Opinion is only concerned with Defendant's Second Motion for Summary Judgment based on the statute of repose. Miss.Code Ann. § 15–1–41 (1972).

2. It is not disputed that the events surrounding the acceptance of the subject tile took place sometime before November 17, 1980, when Dennys in Clifton Heights opened for business. Plaintiffs filed this action on October 28, 1992. Therefore, the parties do not dispute that if § 15–1–41 applies to the instant action, Plaintiffs' claim is time barred.

Summary Judgment on September 15, 1994. At that time, this Court held that the subject tile was an "improvement to real property" as stated in the statute. Additionally, this Court directed the parties to re-brief this Motion on the following two issues: 1) whether Defendant Dal–Tile Corporation fell into the category of persons protected by § 15–1–41; and 2) if Defendant Dal–Tile was found to be merely a supplier of the subject tile and not covered by § 15–1–41, did the limitations period provided in Miss.Code Ann. § 75–2–725 apply to the instant cause of action? This Court will address these issues separately.

§ 15–1–41 has two parts that relate to this cause of action. The first part says "no action may be brought to recover damages ... for an injury to the person, arising out of any deficiency in the design, planning, supervision or observance of construction, or construction of *an improvement to real property.*" Miss.Code Ann. § 15–1–41 (emphasis added). As stated above, this Court at the oral argument on this Motion found that the tile floor in this case was an "improvement to real property." Therefore, it is unnecessary to address the first portion of the statute any further.

■ The second part of § 15–1–41 pertinent to this case defines the class of people protected by the statute by providing that no cause of action may be brought "against any person, firm or corporation performing or *furnishing* the *design, planning, supervision of construction or construction* of such improvement to real property." Miss.Code Ann. § 15–1–41 (emphasis added). This portion of the statute is at issue in this Opinion.

One of the ironies of this case is the fact that the position of both parties has changed during the course of this proceeding as the issues have changed. In their Complaint, the Plaintiffs alleged that the Defendant was negligent in breaching its duty to "plan, make, design, construct ... the subject tile." Defendant seems to have denied this allegation until the issue of the statute of repose was raised. Now Defendant has filed an

affidavit of Richard William Lee, a senior vice president of Defendant, alleging that Defendant "planned, specified, and articulated" to the manufacturer various characteristics of the tile to be manufactured. Mr. Lee further outlined Dal–Tile's actions in regard to having the tile, which is the subject matter of this lawsuit, tested for "water absorption, abrasive wear and skid resistance." Plaintiff filed portions of a deposition of Mr. Lee taken in a Pennsylvania proceeding. The parties agreed to submit this deposition rather than again take a deposition of Mr. Lee. In Mr. Lee's deposition, he distanced the Defendant from any actual involvement in the design and specification of the tile as well as the testing. In his deposition, he placed the responsibility for safety specifications on the manufacturer and the responsibility for safety testing upon the independent company that conducted the test.

Likewise, whereas Plaintiffs in their Complaint alleged that Defendant planned and designed the tile, they now deny these allegations seeking to avoid the statute of repose. This Court must determine whether Defendant has demonstrated that there is no "genuine issue of material fact" as to whether or not Defendant furnished the "design" or "planning" of the tile. Based on the inconsistencies between Mr. Lee's deposition and his affidavit, this Court finds that there do exist genuine issues of material fact concerning the issue of whether Defendant furnished the "design" or "planning" of the tile.

Although having reached the above conclusion, nevertheless, the Court feels that it is helpful to review relevant cases discussing this statute. This Court is *Erie* bound to follow decisions of the Mississippi Supreme Court. If the Mississippi Supreme Court has not spoken on a subject matter and the Fifth Circuit has spoken on that issue, then this Court is bound to follow the Fifth Circuit's *Erie* guess as to what the Mississippi Supreme Court would do. This Court finds that it has not been decided by the Mississippi Supreme Court whether a mere supplier is per se protected by the statute.[3]

---

**3.** Plaintiffs point to the case of *Reich v. Jesco, Inc.*, 526 So.2d 550, 553 (Miss.1988), for the proposition that the Mississippi Supreme Court

has recognized that suppliers have no protection under the statute. In *Reich*, the supreme court confronted the constitutionality of the statute of

In *Moore v. Jesco, Inc.*, 531 So.2d 815, 817 (Miss.1988), one of the parties raised this precise question. In *Moore*, the appellants argued that the appellees were " 'suppliers of products' or materialmen and, as such, [were] not protected by the limitations period of § 15-1-41." *Moore*, 531 So.2d at 817. Thus, they maintained "that as sellers of products the appellees [were] subject to strict liability in tort." *Id.* The supreme court stated the following:

> In the context of the case at bar, whether § 15-1-41 protects suppliers of products and/or materialmen becomes immaterial if the item supplied is not a product. Based on our analysis in *Smith v. Fluor Corp., supra,* [514 So.2d 1227 (Miss.1987)] we hold that the component parts of the subject chicken houses constitute "improvements to real property" and not "products". **As a matter of law, then, an action based on strict products liability will not lie** and summary judgment was properly granted.

*Id.* (emphasis added). Clearly, the supreme court did not answer the question of whether suppliers are per se covered by § 15-1-41. Regardless of the court's holding, the *Moore* case was factually distinguishable from the case at hand due to the fact that the defendants in *Moore* clearly were persons who "constructed" or designed" the chicken houses which were the subject matter of the litigation. Again, this Court concludes that this is a case of first impression in this state.

In *Anderson v. Fred Wagner, Etc.*, 402 So.2d 320 (Miss.1981), the Mississippi Supreme Court specifically addressed the constitutionality of § 15-1-41. After a review of the authorities cited by both parties, the court found the statute constitutional. In so doing, the court found that the legislative intent of the statute reflected a distinction between different classes of individuals. The court stated that:

> Persons owning or in possession of property can make changes on the property and remove any danger or hazard existing thereon while those persons who have completed construction and/or design on the property have no right to enter upon same or to make any change in it.

*Anderson*, 402 So.2d at 324; *see also West End Corp. v. Royals*, 450 So.2d 420, 424 (Miss.1984) ("Section 15-1-41 was intended by the legislature to protect architects, builders and the like who have completed their jobs and who have relinquished access and control of the improvements."). It is also noteworthy that the supreme court in *Anderson* stated that "[t]he class of persons covered by the statute is large." The logic of the *Anderson* decision would indicate that a supplier does not fall into the category of those persons such as owners who have continuing control over the property. On the other hand, a supplier fits into the class of individuals who, although at one time are intimately involved with the construction of a building, do not continue to have control or even access to the subject property.

In *Smith v. Fluor Corp.*, 514 So.2d 1227 (Miss.1987), the supreme court affirmed the lower court's grant of summary judgment which held that the statute protected a contractor/manufacturer who had built and manufactured the facilities in question, including the pre-heater/heat exchanger unit which exploded causing the plaintiff's injuries.[4] *See also McMichael v. Nu–Way Steel and Supply, Inc.*, 563 So.2d 1371 (Miss.1990) (recognizing that installer/manufacturer of guardrails would have been protected by statute, if it had been able to prove that there was no

---

repose. *Reich,* 526 So.2d at 553. The court stated, "[f]inally, we are told that Section 15-1-41 is unconstitutional because it exempts architects and contractors but excludes similarly situated persons such as owners and **suppliers**." *Id.* Although the court went on to uphold the constitutionality of the statute in this regard, the court never again mentioned this distinction. Plaintiff maintains that the above quoted statement indicates that the supreme court recognizes that suppliers are not covered by the statute. This Court finds that the supreme court did not confront

that issue in *Reich,* and that the above statement was merely a recitation of an argument presented to the court by the appellants in that case. Therefore, Plaintiffs' argument is unpersuasive on this point.

4. In *Smith* the defendant was clearly covered by the statute not because he manufactured a component part of the improvements, but because the defendant constructed the entire building including all component parts.

genuine issue of material fact as to date of acceptance for purposes of statute).

Although the supreme court in *Smith* did not address the specific question, the Fifth Circuit interpreted this decision as a finding that manufacturers are protected by the statute. *See Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1151 (5th Cir.1992). In *Trust Co. Bank*, the Fifth Circuit, citing the *Smith* case, stated the following:

> But while it is true that some states have denied repose protection to the manufacturers of defective building products, Mississippi is not one of those states. Section 15–1–41 is much broader than most statutes of repose. By its express language, section 15–1–41 extends repose protection to "**any** person ... furnishing the design, planning, supervision of construction or construction of [an] improvement to real property." This language includes manufacturers who, like defendant USG, furnish the design for improvements to real property.

*Trust Co. Bank*, 950 F.2d at 1151 (citations omitted) (emphasis in original).

In another case involving § 15–1–41, *Kynerd v. U.S. Dept. of Housing and Urban Dev.*, 607 F.Supp. 117, 120 (S.D.Miss.1985), *aff'd*, 806 F.2d 259 (1986), Judge Tom Lee of this Court addressed the question of whether the plaintiffs, purchasers of a house, could pursue a cause of action against the Department of Housing and Urban Development for the negligent inspection and appraisal of the purchased house. This Court found that there was no duty owed to the plaintiffs by the defendants under the applicable law. *Kynerd*, 607 F.Supp. at 119, 20. However, the Court also recognized that the plaintiffs' claim was barred by § 15–1–41. *Id.* at 120. In so doing, the Court found that the inspection and appraisal fit into the category of " 'supervision or observation of construction' " as contemplated by the statute. *Id.*

Again, the distinction these cases reveal is between individuals who are involved in the original construction or design of improvements to real property and those individuals, namely owners, who not only are involved with the property at that phase but also retain control until the cause of action accrues. The continuing control over the property allows these individuals to maintain and repair the improvements to the property. Logically, when an individual has control over the property in this manner there is no need to have a time limit for filing causes of action relating to the continuing conditions of the property. On the other hand, the rationale is clear for having such a time limit for persons who relinquish control over the property and have no ability or opportunity to remedy any wrongs which exist with the property.

█ The logic of the above cases indicates that one who supplies an "improvement to real property" should have the protection of § 15–1–41. That might well have been the legislative intent in adopting that code section. However, the plain language of the statute does not go that far, and this Court is bound by the language of the statute. This Court cannot consider the intent of the legislature, unless the statute is ambiguous. *Guilzon v. Commissioner of Internal Revenue*, 985 F.2d 819, 823–24 n. 11 (5th Cir.1993) (citation omitted) ("To paraphrase Justice Holmes' oft-quoted statement, we do not inquire what Congress meant; we only ask what it said.").

Even though the Mississippi Supreme Court has not resolved this issue, the reasoning which produced the results in the cited cases would indicate that this Defendant should be given the protection of § 15–1–41. For example, the same reasoning applies to this Defendant as was used by the Mississippi Supreme Court to justify its decision in the *Anderson* case.

However, as stated above this Court is bound by the plain language of the statute. In view of the plain statutory language, this Court cannot find from the record before it as a matter of law that Defendant is one *"performing or furnishing the design, planning, supervision of construction or construction."* A supplier is not per se covered by this statute, but a supplier who provides the design, planning or construction of an improvement to real property is covered by the statute.

As a result of the above stated analysis, Dal–Tile's identity as a mere supplier of the tile floor does not alone provide it with the protection of the statute. This Court has previously found that there are genuine issues of material fact concerning whether Dal–Tile was one "performing or furnishing the design, planning, supervision of construction or construction."

Accordingly, the Defendant's Motion for Summary Judgment should be denied, as there exists a genuine issue of material fact, which issue will be submitted to the jury. At that time, if the jury finds that Defendant Dal–Tile either furnished the "design" of the tile or "planned" the construction of the tile, then Plaintiffs' action will be dismissed as barred by § 15–1–41. As to the second issue before this Court, Defendant contends that even if the statute of repose (§ 15–1–41) is not applicable, nevertheless this cause of action is barred by Miss.Code Ann. § 75–2–725 (1972). The fallacy of Defendant's argument in this regard is that § 75–2–725 applies to "breach of any contract." While this statute might bar Plaintiffs' breach of implied warranties, it does not reach their claims of negligence and strict liability. The statute of limitations under negligence and strict liability does not begin to run until the injury occurs, which in this case would be when the Plaintiff fell. Defendant makes a clever argument by pointing out that the "breach of warranty occurs when tender of delivery is made." While that is true as to the contract claim, it is not true as to the tort claims as to which the statute commences to run at the time of the fall.

However, Plaintiffs' strict liability tort claim should be dismissed for another reason. In the *Moore* case discussed above, the Mississippi Supreme Court held that strict products liability claims cannot lie against persons supplying "improvements to real property" as opposed to products.[5] *Moore,* 531 So.2d at 817. As a result, since this Court has already found that the subject tile in this case is an "improvement to real property," then Plaintiffs' strict liability claim should be and hereby is dismissed. Therefore, the only claim remaining before this Court against Defendant is Plaintiffs' negligence claim. That claim may or may not be barred by § 15–1–41 depending upon resolution of a factual issue.

For the reasons stated above: Defendant's Motion for Summary Judgment against Plaintiffs should be and is hereby DENIED as to § 15–1–41. Defendant's Motion for Summary Judgment on the issue of § 75–2–725 is granted as to Plaintiffs' breach of warranty claim and denied as to Plaintiffs' strict liability and negligence claims. However, because this case involves an improvement to real property, Plaintiffs' strict liability claim is hereby dismissed.

A judgment will be entered accordingly pursuant to Fed.R.Civ.P. 58.

SO ORDERED AND ADJUDGED.

---

**5.** In so holding, the Mississippi Supreme Court completely departed from a well-established line of cases in this state which provide that strict products liability actions may be maintained against "a manufacturer of a product **and to a contractor who builds and sells a house with the product in it.**" *See State Stove Manufacturing Co. v. Hodges,* 189 So.2d 113, 118 (Miss.1966), *cert. denied,* 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967) (emphasis added) (adopting Restatement (Second) of Torts § 402A (1965)).

This holding was not necessary to the disposition of the *Moore* case, since that case was clearly barred by the statute of repose and this Court doubts that the Supreme Court intended to depart from *State Stove* and the long established line of cases which followed it. However, the statement made by the *Moore* court that strict products liability actions could not be maintained in cases involving "improvements to real property" as opposed to products was clearly the holding of the case and not dictum. In the opinion of this Court the fallacy of that decision is that material sold can be both "a product" and "an improvement to real property." It does not logically follow that either term is exclusive of the other. If this Court had the authority to certify this question to the Mississippi Supreme Court, it would. However, this Court lacks that authority and is mindful that the concept cited previously in this Opinion regarding deference to the plain language of a statute is equally applicable to the issue at hand. That is, it is not for this Court to wonder "why" when faced with the plain language of an Opinion from the Mississippi Supreme Court on an issue of Mississippi law.