# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01383-SCT

*BERNIE WINKEL AND RACHEL WINKEL*

*v.*

*WINDSOR WINDOWS AND DOORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2007 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DANA J. SWAN |
| ATTORNEY FOR APPELLEE: | WILLIAM O. LUCKETT, JR. |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 06/12/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.

### WALLER, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Bernie and Rachel Winkel filed suit against a window manufacturer, a synthetic stucco producer, and a contractor who installed the stucco exterior at their residence. They alleged several causes of action.[1] The window manufacturer, Windsor Windows and Doors, moved the circuit court for summary judgment in its favor. The circuit court granted the motion on the basis that the statute of repose for bringing claims against Windsor Windows

---

[1]The claims were for breach of express warranty, breach of implied warranty, negligent failure to warn, design defect, negligent installation and construction, negligent supervision, general negligence, negligent and intentional misrepresentation, fraudulent concealment, fraud, breach of warranty of habitability, agency, and "Mississippi Extended Manufacturer's Liability Doctrine."

had expired. *See* Miss. Code Ann. § 15-1-41 (Rev. 2003). The Winkels now appeal. Miss. R. App. P. 4.

## FACTS

¶2.    The Winkels moved into their new home in March 1995. After several years passed, they noticed water was infiltrating the home's exterior, damaging the house. They filed suit against Windsor Windows, among other defendants, alleging the windows installed in their home were defective and contributed to the damage to the house. Their original complaint was filed on December 31, 2002. After the parties began discovery, Windsor Windows moved the circuit court for summary judgment. The court granted the motion on the basis that the claims against Windsor Windows were subject to the six-year statute of repose, and the time for bringing the claims expired prior to December 31, 2002.

## STANDARD OF REVIEW

¶3.    This Court conducts a de novo review of matters on summary judgment. Its familiar standards when reviewing summary judgment orders can be found within the rules of civil procedure as well as in this Court's previous opinions. Miss. R. Civ. P. 56; ***Fruchter v. Lynch Oil Co.***, 522 So. 2d 195, 198 (Miss. 1988).

## DISCUSSION

¶4.    The Winkels raise only one issue on appeal: Whether their claim is barred by Section 15-1-41 of the Mississippi Code. This statute provides, in pertinent part:

> No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person . . . more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof. This limitation shall apply to actions against any . . . firms and corporations performing or furnishing the design,

2

planning, supervision of construction or construction of such improvement to real property . . . for any private or nongovernmental entity.

Miss. Code Ann. § 15-1-41 (Rev. 2003).[2]  The Winkels argued Windsor Windows, a manufacturer, fell outside the class of entities covered by this statute of repose.  *See* ***McIntyre v. Farrel***, 680 So. 2d 858, 865 (Miss. 1996).  Windsor Windows argued that it is not merely a manufacturer and is protected by this statute because it "planned the construction of the windows" in the Winkels' house.  The circuit court granted summary judgment, distinguishing ***McIntyre***, and finding Windsor Doors "was a manufacturer, not a mere supplier, and designed the window specifically to be installed in a home following its guidelines for installation."  The same arguments are made on appeal.

¶5.    We find no genuine issue of material fact was contested before the circuit court, presenting it with a simple question of law.  Windsor Windows designed the windows and supplied a general service bulletin on the installation of its windows on homes with stucco exteriors.  Although there is a question whether Bernie Winkel knew of the existence of these instructions, the carpenter who installed these windows into his home did so "according to the directions provided by Windsor."  Therefore, half of the requirement for summary

---

[2]The parties do not contest that the windows were an "improvement to real property." According to Mississippi law, an improvement to real property is "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." ***Phipps v. Irby Constr. Co.***, 636 So. 2d 353, 368 (Miss. 1993) (quoting Black's Law Dictionary 682 (5th ed. 1979)). *See also* ***Ferrell v. River City Roofing, Inc.***, 912 So. 2d 448, 454 (Miss. 2005).

judgment has been met. The discussion now turns to whether Windsor Windows is entitled to judgment as a matter of law. We hold it is not.

¶6. The United States Court of Appeals for the Fifth Circuit interpreted this statute of repose to cover a manufacturer of asbestos-containing fireproofing because it furnished the design for its application to buildings. *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1151 (5th Cir. 1992). That court relied, in part, on this Court's opinion upholding summary judgment in favor of a manufacturer of a heat exchange unit that was installed in an oil refinery. *Id.* at n.15 (citing *Smith v. Flour Corp.*, 514 So. 2d 1227 (Miss. 1987)). It must be noted that the issue before the court in *Smith* was whether the heat exchanger was an "improvement to real property," not whether the Fluor Corporation, the manufacturer of the heat exchanger, was protected because it was a manufacturer. *Smith*, 514 So. 2d at 1230. For this reason, coupled with the fact that the Fluor Corporation also installed the heat exchanger (or performed the "construction of such improvement"), we find the *Trust Company Bank* case is not very persuasive as authority on the issue.

¶7. This Court, on the other hand, has found, on certified question from the Fifth Circuit, that the manufacturer of a piece of industrial machinery which became incorporated into a factory was not covered by the statute of repose simply because it manufactured the equipment. *McIntyre v. Farrel Corp.*, 680 So. 2d 858, 862-63, 866 (Miss. 1996), *remanded to district court sub nom*, *McIntyre v. Farrell Corp.*, 97 F.3d 779 (5th Cir. 1996). While admitting the statute could be read to cover manufacturers, the Court concluded the Legislature "did not intend for manufacturers to be within the protected class of parties" under this statute of repose. *Id.* at 862. In analyzing the issue, this Court addressed the Fifth

4

Circuit's opinion in **Trust Company Bank**. **Id.** It criticized that court's assertion that Mississippi's statute of repose covered a larger group than similar statutes in other states. **Id.** This Court took the opposite view of the Fifth Circuit, and did not interpret the statute of repose to cover a manufacturer "that designs, manufactures, and ships a completed piece" of equipment. **Id.** at 858, 862, 866. We quoted with favor an opinion of the Massachusetts Supreme Judicial Court which states:

> We think that the Legislature, by enacting (the statute of repose) meant to protect providers of 'individual expertise' in the business of designing, planning, constructing, and administering improvements to real estate. We reiterate that (the statute of repose) was not intended to apply to mere suppliers of standardized products, but only to the kinds of economic actors who perform acts of 'individual expertise' akin to those commonly thought to be performed by architects and contractors–that is to say, to parties who render particularized services for the design and construction of particular improvements to particular pieces of real property.

**Id.** at 863 (quoting **Dighton v. Federal Pac. Elec. Co.**, 399 Mass. 687, 696, 506 N.E.2d 509, *cert. denied*, 484 U.S. 953, 98 L. Ed. 2d 371, 108 S. Ct. 345 (1987)). Though we did not specifically adopt this reasoning as the rule in this state, we find it persuasive.

¶8.     We reaffirm the precepts discussed in the **McIntyre** opinion again today and find the evidence in this record does not demonstrate Windsor Windows either supplied windows designed specifically for the Winkels' home or furnished specific instructions for the windows' installation into the Winkels' home. On the contrary, the evidence in the record indicates the windows were mass-produced, and the instructions generally indicated how to install the windows into stucco homes in general. Windsor Windows argues that several opinions from the United States district courts within this state found manufacturers of improvements to real property were protected by this statute. We find these cases

5

distinguishable or unpersuasive. *See Wolfe v. Dal-Tile Corp.*, 876 F. Supp. 116, 121 (S.D. Miss. 1995)[3] (the question whether the manufacturer furnished the design of the tile or planned the construction of the tile so that it was protected by the statute of repose was a question for the jury); *Theunissen v. GSI Group*, 109 F. Supp. 2d 505, 512 (N.D. 2000)[4]; *Jones v. Neema, Inc.*, 2007 U.S. Dist. LEXIS 53880, *7 (S.D. Miss. July 24, 2007) (unpublished opinion)[5] (the glass supplier also installed the doors in the hotel).

¶9.     Massachusetts continues to interpret its statute of repose in light of *Dighton*, and its interpretation is not unique. *See Fine v. Huygens*, 57 Mass. App. Ct. 397, 402 (Mass. App. Ct. 2003) (quoting *Dighton*, 506 N.E.2d at 515). *See also Ball v. Harnischfeger Corp.*, 1994 OK 65, 877 P.2d 45, 50 (1994) (manufacturer of crane improvement to real property customized to meet the unique needs of the building covered by statute of repose) (collecting authorities). "It is the specialized expertise and rendition of particularized design which separates those protected from mere manufacturers and suppliers." *Id.* These cases illustrate the fundamental difference which controls the outcome of this case: a manufacturer of a mass-produced window which supplied general instructions on its installation into a large class of homes (e.g. those with stucco exteriors) did not furnish the required particularized design of an improvement to real property which will result in the manufacturer's protection under the statute of repose as a corporation "furnishing the design, planning, supervision of construction or construction of such improvement to real property."

---

[3]Pickering, J.

[4]Davidson, J.

[5]Gex, J.

6

**CONCLUSION**

¶10. Consistent with this Court's previous opinion in *McIntyre*, we hold that the trial court erred in finding Windsor Windows covered under Section 15-1-41 as an entity which designs or plans the construction of an improvement to real property. For the reasons discussed above, we reverse the judgment of the circuit court and remand this matter for further proceedings.

¶11. **REVERSED AND REMANDED.**

**SMITH, C.J., DIAZ, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**